UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL INGRANDE,<br><br>         Plaintiff,<br><br>v.<br><br>AUTOZONERS, LLC; DOES 1 through 20, et al.,<br><br>         Defendants. | Case No.:  21-CV-1075-L-WVG<br><br>**ORDER ON DISCOVERY DISPUTE** |

### I.   INTRODUCTION

On March 4, 2022, this Court convened a telephonic discovery conference on a discovery dispute counsel for the Parties initially raised with Chambers consistent with Rule IV(c) of this Court's Civil Chambers Rules. The Parties' dispute concerns an eight-page questionnaire the Social Security Administration ("SSA") produced along with other documents in response to Defendant's third-party subpoena. Plaintiff objects to the questionnaire's production based on the deliberative process privilege and privacy concerns. Defendant disagrees the privilege or privacy considerations shield the questionnaire from production and posits that the questionnaire should be produced on relevance grounds. Having reviewed and considered the Parties' positions and the legal authority to which they cited, the Court hereby OVERRULES Plaintiff's objections to

production of the questionnaire and ORDERS Plaintiff to produce the questionnaire to Defendant **no later than one week from the issuance of this Order**.

## II.     BACKGROUND

This is a disability discrimination action arising from California's Fair Employment and Housing Act ("FEHA"). At the center of the Parties' discovery dispute is a questionnaire Plaintiff's wife completed. The questionnaire reveals Plaintiff's wife's perception of Plaintiff's medical condition and the effects it has had on Plaintiff's quality of life, both at work and at home. It is undisputed between the Parties that the questionnaire is relevant to Plaintiff's claims against Defendant. Even so, Plaintiff objects to producing the questionnaire to Defendant and, in doing so, invokes the deliberative process privilege and related privacy concerns. In support of his position, Plaintiff refers the Court to *Crest Catering Co. v. Superior Ct. of Los Angeles Cty.*, 62 Cal. 2d 274 (1965). Defendant counters with *Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. Jan. 21, 1992.) The Court has considered the Parties' respective positions and the legal authority on which they rely. Before addressing both, the Court begins with a survey of the deliberative process privilege.

## III.    DISCUSSION

### a. The Deliberative Process Privilege

The deliberative process privilege aims to "shield certain intra-agency communications from disclosure" and thus "allow agencies freely to explore possibilities, engage in internal debates, or play devil's advocate without fear of public scrutiny." *Lahr v. National Trans. Safety Bd.*, 569 F.3d 964, 979 (9th Cir. 2009); *Carter v. U.S. Dept. of Commerce*, 307 F.3d 1084, 1089 (9th Cir. 2002) (citing *Dep't of Interior v. Klamath Water Users Protective Assoc.*, 532 U.S. 1, 8 (2001)); see also *Newport Pac. Inc. v. Cty. of San Diego*, 200 F.R.D. 628, 637 (S.D. Cal. June 18, 2001) (citing *In re Franklin National Bank Securities Litigation*, 478 F.Supp. 577, 580–81 (E.D.N.Y.1979) ("The assumption is that 'government, no less than the citizen, needs open but protected channels for the kind of plain talk that is essential to the quality of its functioning.'").) Concurrently, the privilege's

scope is not limitless. The privilege "only protects expressions of opinions or recommendations in intragovernmental documents; it does not protect purely factual information." *Id.* (citing *In re Franklin,* 478 F.Supp. at 581).

Courts employ a two-part test to determine whether the deliberative process privilege has been appropriately invoked by a party contesting a document's production. Specifically, the discovery opponent must show the document at issue is both "pre-decisional" and "deliberative." *Lahr*, 569 F.3d at 982; see *National Resources Defense Council v. U.S. Dept. of Defense*, 388 F.Supp.2d 1086, 1097 (C.D. Cal. May 25, 2005). A document is "pre-decisional" if it is "prepared [] to assist an agency decisionmaker in arriving at his decision and may include recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Assembly of California v. United States Dep't of Commerce*, 968 F.2d 916, 920 (9th Cir.1992) (citing *Formaldehyde Inst. v. Dep't of Health and Human Services*, 889 F.2d 1118 (D.C. Cir. 1989).); *see also Carter v. United States DOC*, 307 F.3d 1084, 1089 (9th Cir. 2002). A document is "deliberative" if "the disclosure of the materials would expose an agency's decision-making process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." *Lahr*, 569 F.3d at 982 (citing *Assembly of State of California*, 968 F.2d at 921 and *Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 184 (1975).).

Here, the Court finds neither of the two parts of the applicable test are met and addresses each part in turn. As a threshold matter, the "key to the [pre-decisional] inquiry is whether revealing the information exposes the deliberative process." *United States v. McKesson Corp.*, 2021 WL 2037965, at *16 (N.D. Cal. May 21, 2021) (citing *National Wildlife Federation v. U.S. Forest Service*, 861 F.2d 1114, 1119 (9th Cir. 1988).). More specifically, "the deliberative process privilege is available when the material demanded in a subpoena request implicates the mental processes of government officials." *City and County of San Francisco v. Purdue Pharma L.P.*, 2021 WL 1111146 (N.D. Cal. Mar. 23,

2021) (citing *Times Mirror Co. v. Superior Court*, 53 Cal.3d 1325, 1342 (1991).). Here, the questionnaire reveals Plaintiff's wife's perception of Plaintiff's condition and nothing more. No government official's mental process is implicated. Thus, there is no revelation of information that exposes the SSA's deliberative process. For this reason, the "pre-decisional" prong is unmet.

Further, the questionnaire Plaintiff's wife submitted to the SSA only reveals Plaintiff's wife's thoughts and observations concerning Plaintiff's condition. The questionnaire does not reveal, to any extent, the SSA's decision-making process over Plaintiff's disability benefits application as it relates to the questionnaire. No government official's impressions of, comments on, or concerns about the questionnaire are reflected in the questionnaire. Only Plaintiff's wife's words are committed to the eight pages that make up the questionnaire. Consequently, Plaintiff falls short of establishing the "deliberative" prong of the two-part test. Accordingly, Plaintiff has not carried his burden to show the deliberative process privilege attaches to the questionnaire. The Court finds the document is thus not privileged.

Plaintiff's citation to *Crest Catering Co.* does nothing to stir the Court's finding. Plaintiff relies on the case for the proposition that section 1040 of the California Evidence Code protects the questionnaire submitted to the SSA from disclosure. It does not. In *Crest Catering Co.*, the California Supreme Court opined sections 1094 and 2111 of the California Unemployment Insurance Code shielded agency documents from disclosure. In relevant part, section 1094 provided that the information delivered to the Department of Employment by an employing unit "shall be for the exclusive use and information of the director and shall not be open to the public, nor admissible in evidence in any action or special proceeding." *Crest Catering Co.*, 62 Cal. 2d at 276–77. Section 2111 added such information "is confidential and shall not be published or open to public inspection in any manner" and "any employee of the department who violates this section is guilty of a misdemeanor." *Id*. The statutes' emphatic language informed the Court's conclusion that "these provisions manifest a clear legislative purpose to preserve the confidentiality of

information submitted to the Department of Employment." *Id.* (citing *Webb v. Standard Oil Co.*, 49 Cal.2d 509, 513 (1957).).

Notably, the court's ruling in *Crest Catering Co.* was limited to sections 1094 and 2111 of the California Unemployment Insurance Code. Plaintiff reads the decision broadly but without basis: nothing in *Crest Catering Co.* suggests the court intended to extend its conclusion to all other agency statutes concerning public disclosure of government records. To this end, Plaintiff's additional reliance on section 1040 of the California Evidence Code, which he asks the Court to consider in tandem with *Crest Catering Co.*, is misplaced. In relevant part, sub-section (b)(2) of section 1040 provides a public entity "has a privilege to refuse to disclose official information and to prevent another from disclosing official information" where "disclosure of the information is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice…" Cal. Evid. Code § 1040. A plain reading of this statute does not "manifest a clear legislative purpose to preserve the confidentiality of the information," which formed the basis of the court's holding in *Crest Catering Co.* This Court will certainly not read language into a statute or exceed the scope of a court's legal opinion to make Plaintiff's case for him.

Finally, and consistent with Defendant's citation to *Miller*, the Court observes that the federal policy of discovery is a liberal one. Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) expressly provides, "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party…" The Parties agree the questionnaire at issue is relevant, and the Court finds the questionnaire is not privileged or otherwise protected from disclosure. The questionnaire shall be produced.

/ / /

/ / /

/ / /

### b. Plaintiff's Privacy Rights Objection

The Court next turns to Plaintiff's objection based on his privacy rights. Generally, litigants have a right to privacy in their medical records. *Mahil v. Option Care Enterprises, Inc.*, 2021 WL 2550084, at *5 (S.D. Cal. June 21, 2021) (citing *Soto v. City of Concord*, 162 F.R.D. 603, 618 (N.D. Cal. 1995).). Concurrently, however, these privacy rights are not protected by any recognized privilege and do not serve as a bar to discovery. *Id.; Whalen v. Roe*, 429 U.S. 589, 603-604 (1977) (privacy rights in medical records are neither fundamental nor absolute). To assess whether a litigant's medical records are shielded from disclosure, courts employ a balancing test that considers: (1) the type of information requested, (2) the potential for harm in any subsequent non-consensual disclosure, (3) the adequacy of safeguards to prevent unauthorized disclosure, (4) the degree of need for access, and (5) whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access." *Seaton v. Mayberg*, 610 F.3d 530, 539 (9th Cir. 2010). Waiver is properly found where a party places their physical or mental condition at issue at any time throughout the litigation. *Warner v. Velardi*, 2017 WL 3387723, at *2 (S.D. Cal. Aug. 7, 2017) (citing *Fritsch v. City of Chula Vista*, 187 F.R.D. 614, 625-626 (S.D. Cal. 1999) and *Ferrell v. Glen-Gery Brick*, 678 F.Supp. 111, 112-13 (E.D. Pa. 1987).); *Seaton*, 610 F.3d at 537 (a litigant can waive his or her privacy rights through a variety of acts, including by commencing a lawsuit).

Here, Plaintiff generally has a privacy interest in maintaining the confidentiality of his medical records. As it specifically concerns the questionnaire Plaintiff's wife completed, however, Plaintiff's privacy claim is unconvincing. Having reviewed the unredacted version of the questionnaire *in camera*, the Court finds none of Plaintiff's wife's responses are so intimate and personal that their disclosure would invade Plaintiff's privacy rights. To be sure, the revelations Plaintiff's wife made in the questionnaire are ones she would foreseeably be compelled to make if called as a witness at trial. Therefore, the Court strains to conclude that the questionnaire implicates Plaintiff's rights to privacy. / / /

Notwithstanding the above, the Court finds Plaintiff has waived any possible right to privacy in the questionnaire at issue by initiating this lawsuit. Plaintiff has brought and continues to maintain disability discrimination and related causes of action against Defendant. Collectively, Plaintiff's claims and allegations against Defendant squarely put Plaintiff's personal health at issue for the relevant time period. This circumstance necessitates the conclusion that medical records, including the questionnaire Plaintiff's wife completed regarding Plaintiff's disabling condition and its impact on Plaintiff's daily life, are both relevant and discoverable.

Equally availing is that there is a protective order governing confidential materials in this case. (Doc. No. 10.) The Court's October 19, 2021 entry of the Order on Joint Motion for Stipulated Protective Order ensures that specifically identified documents exchanged throughout this litigation are spared from public disclosure. (*Id*.) Accordingly, the protective order sufficiently addresses confidentiality and both Parties' privacy concerns. *Dowell v. Griffin*, 275 F.R.D. 613, 617, 620 (S.D. Cal. 2011) (finding privacy concerns can ordinarily be addressed with a protective order). For this reason, and in considering the Parties' competing interests, the claims at issue, and the unremarkable nature of the document in dispute, the Court finds the questionnaire is subject to production. Accordingly, the Court OVERRULES Plaintiff's objection to producing the document based on his right to privacy.

## V. CONCLUSION

In light of the foregoing, the Court OVERRULES Plaintiff's objections to Defendant's request for production of the questionnaire and ORDERS Plaintiff to produce the questionnaire to Defendant **no later than one (1) week** from the date of this Order's issuance.

**IT IS SO ORDERED.**

Dated: March 15, 2022

Hon. William V. Gallo
United States Magistrate Judge